UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 8:21-cr-309-VMC-MRM

SCOTT CARPENTER, JR.

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. # 156), filed on February 28, 2023, recommending that Defendant Scott Carpenter, Jr.'s Motion to Suppress (Doc. # 90) be denied. Mr. Carpenter filed an Objection (Doc. # 157) on March 14, 2023.

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and denies Mr. Carpenter's Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v.</u>

1

*Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

When considering a report and recommendation, a district judge may "hear additional testimony or the same testimony all over again if [she] decide[s] that would be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980). But a district judge "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." United States v. Cofield, 272 F.3d 1303, 1305 (11th Cir. 2001). Generally,

however, a district judge "must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations." Id. at 1306.

In his Objection, Mr. Carpenter asserts that the good faith exception to the warrant requirement does not apply because Magistrate Judge Flynn, who issued the warrant, was misled by information in ATF Special Agent Jeff Burt's affidavit that Special Agent Burt knew was false or would have known was false except for his reckless disregard for the truth. Thus, according to Mr. Carpenter, the matter should be remanded back to the Court to allow testimony from Judge Flynn.

In Special Agent Burt's warrant affidavit and application, each numbered paragraph from Paragraphs 9-21 begins with or contains the phrase "Based on my training and experience, I know . . ." (Burt Aff. Doc. # 93-1 at 3-9). Each paragraph then refers to a specific technical function or service. (Id.). However, at the evidentiary hearing, Special Agent Burt stated that he had received no training on GPS, Wifi, Bluetooth, Google, location data, Google Location History, geofence, or the Android operating system. (Tr. Doc. # 150 at 177:11-22, 210:2-25). According to Mr. Carpenter, Special Agent Burt's lack of training conflicts with the

affidavit submitted with the warrant in which Special Agent Burt relied on his "training and experience." (Doc. # 157 at 9).

In his report and recommendation, Magistrate Judge McCoy noted that at the evidentiary hearing, Special Agent Burt testified that he relied more on experience than training. (Doc. # 156 at 26). Special Agent Burt also testified that he received general training on using data obtained from cell phones during criminal investigations. (Tr. Doc. # 150 at 209:14-210:2). Likewise, Special Agent Burt considered conversations he had with technical advisors on Google geofence search warrants to be part of his informal training. (Id. at 172:9-13).

Thus, Judge McCoy concluded that the record did not establish that Judge Flynn was "misled by information" in the affidavit that Special Agent Burt "knew was false or would have known was false except for his reckless disregard of the truth." (Id.) (citing United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002)).

Importantly, Judge McCoy noted that Mr. Carpenter does not argue that any of the information contained in the "training and experience" paragraphs was factually false or misleading. (Doc. # 156 at 26). The Court thus agrees with

Judge McCoy's conclusion that Special Agent Burt's affidavit was not knowingly false, nor did Special Agent Burt display a reckless disregard for the truth.

Thus, upon due consideration of the record, including Judge McCoy's Report and Recommendation as well as Mr. Carpenter's Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion to Suppress. The Court agrees with Judge McCoy's detailed findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 156) is **ACCEPTED** and **ADOPTED.**

(2) Defendant Scott Carpenter, Jr.'s Motion to Suppress (Doc. # 93) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 12th day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5